USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 97-1992

 ALI RUCKBI,

 Petitioner,

 v.

 IMMIGRATION AND NATURALIZATION SERVICE,

 Respondent.

 ____________________

 PETITION FOR REVIEW OF AN ORDER

 OF THE BOARD OF IMMIGRATION APPEALS

 ____________________

 Before

 Torruella, Chief Judge,

 Boudin and Stahl, Circuit Judges.

 _____________________

 Linda A. Cristello, with whom Allan M. Tow, was on brief, for
petitioner.
 Karen Ann Hunold, Trial Attorney, Office of Immigration
Litigation, Civil Division, U.S. Department of Justice, with whom
Frank W. Hunger, Assistant Attorney General, Karen Fletcher
Torstenson, Assistant Director, and Linda S. Wendtland, Senior
Litigation Counsel, were on brief, for respondent.

 ____________________

 October 28, 1998
 ____________________ TORRUELLA, Chief Judge. Petitioner Ali Ruckbi ("Ruckbi")
seeks review of a Board of Immigration Appeals ("BIA") decision
affirming an Immigration Judge's ("IJ") denial of his application
for adjustment of status pursuant to section 245 of the Immigration
and Nationality Act ("the Act"), 8 U.S.C. 1255, and voluntary
departure under section 244(e) of the Act, 8 U.S.C. 1254(e). On
appeal, Ruckbi argues that the conduct of the proceedings below
violated his due process rights. Because we conclude that the
Illegal Immigration Reform and Immigrant Responsibility Act's
("IIRIRA") "transitional rules" divest the courts of appeals of
jurisdiction over this category of claims, we dismiss Ruckbi's
petition for lack of jurisdiction.
I. BACKGROUND
 Ruckbi is a thirty-two year old citizen of Syria who came
to the United States on April 19, 1992, as a non-immigrant visitor
for pleasure. He was authorized to remain in the United States
until October 19, 1992. Ruckbi failed to depart by the required
date or at any time thereafter. On October 22, 1993, the
Immigration and Naturalization Service ("INS") issued an Order to
Show Cause ("OSC") charging Ruckbi with deportability under INA
 241(a)(1)(B), 8 U.S.C. 1251(a)(1)(B). 
 At an initial hearing on January 11, 1994, Ruckbi
conceded deportability and sought a discretionary grant of
adjustment of status based on his recent marriage to a United
States citizen. Alternatively, Ruckbi sought a discretionary grant
of voluntary departure. On April 15, 1994, Ruckbi submitted a
written adjustment application.
 A. Adjustment of Status
 Section 245 of the Act authorizes the Attorney General,
in her discretion and under such regulations as she may prescribe,
to adjust an alien's status to that of an alien lawfully admitted
for permanent residence, provided that the alien meets certain
statutory requirements. To be statutorily eligible for adjustment
of status, the alien must show: (1) that he was inspected and
admitted or paroled into the United States; (2) that he has made an
application for such adjustment; (3) that he is eligible to receive
an immigrant visa and is admissible to the United States for
permanent residence; and, (4) that an immigrant visa is immediately
available to him at the time his application is filed. See 8
U.S.C. 1255(a). Once the alien has established threshold
statutory eligibility, he must additionally demonstrate to the
Attorney General's satisfaction that he merits relief in the
exercise of discretion. See Henry v. INS, 74 F.3d 1, 4, 7 (1st
Cir. 1996).
 In the written adjustment application that he submitted
on April 15th, Ruckbi answered "no" to questions whether he had
ever knowingly committed any crime of moral turpitude, or ever been
arrested or charged for violating any law. At the merits hearing
on May 12, 1994, Ruckbi revised his adjustment application to
indicate a "yes" answer to the foregoing questions. Subsequently,
per the IJ's order, Ruckbi produced his criminal record. The
record indicated that between November 16, 1990 and September 3,
1993, Ruckbi was charged with thirty-six different offenses under
several different aliases. At his hearing, Ruckbi claimed that he
was never criminally convicted of any of the charges against him. 
During cross-examination, however, Ruckbi admitted the commission
of the essential elements of several of the crimes with which he
was charged. As a result of these admissions, the IJ found Ruckbi
inadmissible under 212(a)(2)(A)(i)(I) of the Act and thus
statutorily ineligible for adjustment of status relief. The BIA
affirmed the IJ's findings of inadmissibility and statutory
ineligibility.
 Additionally, the IJ denied Ruckbi's application for
adjustment of status as a matter of discretion. The IJ concluded
that "the respondent's history of criminal and fraudulent activity
is so egregious as to make him a person who cannot show good moral
character." The BIA affirmed the IJ's determination that Ruckbi 
did not merit relief in the exercise of discretion. Ruckbi now
seeks review of the BIA decision. 
 B. Voluntary Departure
 In the event that his application for adjustment of
status was denied, Ruckbi also sought a discretionary grant of
voluntary departure. Under 244(e) of the INA, the Attorney
General may, in her discretion, permit an alien in deportation
proceedings to depart voluntarily from the United States at his own
expense in lieu of deportation. See INA 244(e), 8 U.S.C.
 1254(e). To be statutorily eligible for voluntary departure, an
alien must demonstrate to the Attorney General's satisfaction that
he is and has been a person of good moral character for at least
five years immediately preceding the date of his voluntary
departure application. See id. As with adjustment, once an alien
has established statutory eligibility for voluntary departure, he
additionally must persuade the Attorney General that he merits a
grant of relief in the exercise of discretion. See Molina v. INS,
981 F.2d 14, 17 (1st Cir. 1992).
 As discussed above, the IJ found that Ruckbi failed to
establish his good moral character during the five years
immediately preceding his application for voluntary departure. 
Additionally, the IJ concluded that Ruckbi did not merit relief in
the exercise of discretion. The BIA affirmed both of these
conclusions. Ruckbi appeals the BIA decision.
II. DISCUSSION
 The courts of appeals have jurisdiction to review final
orders of deportation under the circumstances set forth at former
section 106(a) of the Act, 8 U.S.C. 1105a(a), as modified by
"transitional rules" for judicial review established by section
309(c)(4) of the Illegal Immigration Reform and Immigrant
Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009
(Sept. 30, 1996) ("IIRIRA"), as amended by Act of Oct. 11, 1996,
Pub. L. No. 104-302, 110 Stat. 3657.
 Congress enacted IIRIRA on September 30, 1996. Under
IIRIRA there are two new sets of rules: the new permanent rules and
the "transitional rules." See IIRIRA 309(c). As stated in
 309(c)(1), the new permanent rules only apply to cases in which
the INS instituted removal proceedings on or after April 1, 1997. 
See id. In contrast, the transitional rules apply to deportation
proceedings commenced before April 1, 1997. See id. Because the
deportation proceedings against Ruckbi were initiated before
April 1, 1997, his claims are governed by the transitional rules.
 Section 309(c)(4) of the IIRIRA "transitional rules" sets
forth the changes Congress implemented with respect to judicial
review of final orders of deportation or exclusion. See id. 
Section 309(c)(4)(G) states: "there shall be no appeal permitted in
the case of an alien who is inadmissible or deportable by reason of
having committed a criminal offense covered in section 212(a)(2).
. . ." IIRIRA 309(c)(4)(G). Because Ruckbi admitted the
commission of the essential elements of crimes covered by section
212(a)(2), this court is precluded by the plain language of section
309(c)(4)(G) from reviewing his claims. See id. The section
states that "there shall be no appeal," a clear reference to an
appeal to the courts of appeals. 
 Ruckbi argues that any interpretation of 309(c)(4)(G)
that divests the courts of appeals of jurisdiction to review
alleged constitutional violations is unconstitutional. However,
Ruckbi's position is foreclosed by this circuit's recent decisions
in Goncalves v. Reno, 144 F.3d 110 (1st Cir. 1998), and Santos v.
INS, 124 F.3d 64 (1st Cir. 1997). In those cases we held that
where judicial review is otherwise precluded by the IIRIRA's
transitional rules, an alien cannot bring a constitutional
challenge to his deportation order by means of a petition for
review in the court of appeals, but must instead file a habeas
petition in the district court. See Goncalves, 144 F.3d at 118,
123; Santos, 124 F.3d at 64; cf. Kolster v. INS, 101 F.3d 785, 790
(1st Cir. 1996) (holding that 440 (a) of Antiterrorism and
Effective Death Penalty Act ("AEDPA") divests court of appeals of
jurisdiction to hear petitions for review). The Goncalves court
specifically addressed the constitutional concerns raised by Ruckbi
and concluded that such an interpretation of 309(c)(4)(G) posed
no constitutional problems because residual jurisdiction existed in
the district court over habeas corpus petitions. See 144 F.3d at
122, 123. In light of this circuit precedent, the petition for
review is dismissed for lack of jurisdiction.